IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01459-CMA-MJW

TERRANCE D. WILSON,

Plaintiff,

v.

FRANCES FALK,
TOM NORRIS,
SHERWIN PHILLIPS,
JOSHUA CHASE,
STEPHEN FRANK, and
JAMES FOX,

Defendants.

---

**REPORT AND RECOMMENDATION**
**on**

**ORDER TO SHOW CAUSE**
**(Docket No. 15)**

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This case is before this court pursuant to an Order of Reference to Magistrate

Judge issued by Judge Christine M. Arguello on June 4, 2014 (Docket No. 8).

**BACKGROUND**

The original Complaint in this case was filed on May 23, 2014 (Docket No. 1).

Amended Complaints were filed October 29, 2014 (Docket No. 32) and December 26,

2014 (Docket No. 38).  The undersigned has held three conferences with the parties: a

Rule 16 Scheduling Conference on October 15, 2014 (Docket No. 26), a Show Cause

Hearing on December 18, 2014 (Docket No. 40), and a second Show Cause Hearing on

February 4, 2015 (Docket No. 43).  At the first two conferences, it was noted that

2

Plaintiff had yet to serve Defendants Norris and Chase. As a result, on October 15, 2014, the Court issued an Order to Show Cause ordering Plaintiff by December 18, 2014, to provide proof of service or otherwise show cause why this case should not be dismissed as to the unserved Defendants for lack of service.  (Docket No. 28).  At the December 18, 2014, Show Cause Hearing, Plaintiff was granted until February 4, 2015, to serve Defendants Norris and Chase.  Later on December 18, 2014, Plaintiff filed Defendant Norris's waiver of service.  (Docket No. 41.)

At the Show Cause hearing February 4, 2015, Plaintiff showed neither proof of service on Defendant Chase nor good cause for that failure to serve.  (Docket No. 43.)

## LAW

Rule 4(m) of the Federal Rules of Civil Procedure provides in relevant part:

> If a defendant is not served within 120 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).  In addition, Local Rule 41.1 provides:

> A judicial officer may issue an order to show cause why a case should not be dismissed for failure to prosecute or failure to comply with these rules, the Federal Rules of Civil Procedure, or court order.  If good cause is not shown, a district judge or a magistrate judge exercising consent jurisdiction may enter an order of dismissal with or without prejudice.

D.C.COLO.LCivR 41.1.

## FINDINGS OF FACT & CONCLUSIONS OF LAW

The Court finds and concludes that:

3

(1) Plaintiff has provided no proof of service upon Defendant Joshua Chase, and in fact Defendant Chase has not been served with process in this case.

(2) The Complaint (Docket No. 1) was filed on May 23, 2014, more than 120 days ago, and Plaintiff has not shown good cause for his failure to effect service.

(3) The Court ordered Plaintiff to effect service or otherwise show cause why this claim should not be dismissed, and Plaintiff has neither effected service nor shown good cause.

(4) Plaintiff has had a full and fair chance to be heard and has had adequate warning that his claim might be dismissed for failure to effect service.

(5) The claim against Defendant Chase should be dismissed without prejudice under Fed. R. Civ. P. 4(m) and Local Civil Rule 41.1.

## RECOMMENDATION

Based upon the foregoing, it is hereby RECOMMENDED that the Court dismiss the claim against Defendant Joshua Chase without prejudice.


**NOTICE:  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case.  A party may respond to another party's objections within fourteen (14) days after being served with a copy.  The District Judge need not consider frivolous, conclusive, or general objections.  A party's failure to file and serve such written, specific objections waives de novo review of the**

4

recommendation by the District Judge, <u>Thomas v. Arn</u>, 474 U.S. 140, 148-53

(1985), and also waives appellate review of both factual and legal questions,

<u>Makin v. Colo. Dep't of Corr.</u>, 183 F.3d 1205, 1210 (10th Cir. 1999); <u>Talley v. Hesse</u>,

91 F.3d 1411, 1412-13 (10th Cir. 1996).


Date:  February 4, 2015                    s/ Michael J. Watanabe
          Denver, Colorado                 Michael J. Watanabe
                                           United States Magistrate Judge