IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01459-CMA-MJW

TERRANCE D. WILSON,

Plaintiff,

v.

FRANCES FALK,
TOM NORRIS,
SHERWIN PHILLIPS,
STEPHEN FRANK, and
JAMES FOX,

Defendants.

---

**REPORT AND RECOMMENDATION ON**
**DEFENDANT TOM NORRIS'S MOTION TO DISMISS (Docket No. 45)**

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This case is before this court pursuant to an Order of Reference to Magistrate

Judge issued by Judge Christine M. Arguello on June 4, 2014 (Docket No. 8).

## BACKGROUND

The original Complaint in this case was filed on May 23, 2014 (Docket No. 1).

Amended Complaints were filed October 29, 2014 (Docket No. 32) and December 26,

2014 (Docket No. 38).  The Second Amended Complaint identified Defendant Tom

Norris as Plaintiff's previously unidentified case manager.  (*Compare* Docket No. 38 ¶ 3,

*with* Docket No. 32 ¶ 3.)

On February 17, 2015, Defendant Tom Norris filed a Motion to Dismiss under

Rule 12(b)(6) (Docket No. 45).  Under D.C.Colo.LCivR 7.1(d), a response to that motion

was due March 10, 2015, and under Fed.R.Civ.P. 6(d) would have been deemed timely

2

if filed by March 13, 2015.  On March 18, 2015, because no response had been

received, the Court entered a minute order stating:

> [I]t is hereby ORDERED that Plaintiff shall file a response to
> Defendant Tom Norris's Motion to Dismiss (Docket No. 45) on or before
> March 27, 2015.  Failure to do so may lead to the motion be[ing] deemed
> confessed and, therefore, being granted.

(Docket No. 48.)  As of today, no response has been filed—even though Plaintiff is

represented by counsel, and Plaintiff's counsel acknowledged the deadline in a

stipulated motion to amend the scheduling order.  (*See* Docket No. 49 ¶ 4.)

Defendant's motion has thus been confessed.  The Court recommends that the

Court grant Defendant's motion and dismiss Plaintiff's claims against Defendant Norris.

Moreover, the Court has reviewed Defendant's motion and finds it to be well-

grounded.  Defendant argues that the amended complaint naming him was filed after

the statute of limitations on Plaintiff's claim had run.  The dates establishing Defendant's

affirmative defense are apparent in the Second Amended Complaint*, and therefore may

be raised on a motion to dismiss under Rule 12(b)(6).  *Radloff-Francis v. Wyo. Med. Ctr.

Inc.*, 524 F. App'x 411, 413 (10th Cir. 2013) ("[A]lthough a statute of limitations bar is an

affirmative defense, it may be resolved on a Rule 12(b)(6) motion to dismiss when the

dates given in the complaint make clear that the right sued upon has been

extinguished.").  Defendant argues further that the Second Amended Complaint does

not relate back to the original complaint (which was timely) for purposes of this claim

because Defendant Norris was named there as a John Doe, not a misidentified party,

and relation-back is therefore unavailable under Federal Rule of Civil Procedure 15(c).

*See Garrett v. Fleming*, 362 F.3d 692, 696-97 (10th Cir. 2004).  The pleadings support

3

Defendant's argument, and Plaintiff has (by confessing the motion) not provided any argument to the contrary.

## RECOMMENDATION

Based upon the foregoing, it is hereby RECOMMENDED that the Court GRANT Defendant Tom Norris's Motion to Dismiss (Docket No. 45) and DISMISS from the Second Amended Complaint (Docket No. 38) Plaintiff's claims against Defendant Tom Norris.

**NOTICE:  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case.  A party may respond to another party's objections within fourteen (14) days after being served with a copy.  The District Judge need not consider frivolous, conclusive, or general objections.  A party's failure to file and serve such written, specific objections waives de novo review of the recommendation by the District Judge, Thomas v. Arn, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions, Makin v. Colo. Dep't of Corr., 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Date:  April 3, 2015                   s/ Michael J. Watanabe
       Denver, Colorado               Michael J. Watanabe
                                       United States Magistrate Judge