IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01459-CMA-MJW

TERRANCE D. WILSON,

Plaintiff,

v.

FRANCES FALK,
SHERWIN PHILLIPS,
STEPHEN FRANK, and
JAMES FOX,

Defendants.

---

## STIPULATED PROTECTIVE ORDER (Docket no. 72-1)

The Parties, through their counsel, hereby agree to the following Protective Order and request that it be entered as an Order of the Court.

Upon a showing of good cause in support of the entry of a Protective Order to protect the disclosure and discovery of confidential and security-sensitive information in this case, IT IS ORDERED:

1.      This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, responses to requests for production of documents, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

1

2.      As used in this Protective Order, "document" is defined as provided in

Fed. R. Civ. P. 34(a).  A draft or non-identical copy is a separate document within the

meaning of this term.

3.      Information designated "CONFIDENTIAL" shall be information in which a

party has a statutory, regulatory, or common law right of privacy or protection against

dissemination or disclosure as well as proprietary or non-public business information

relating to operational strategies, policies, plans, corporate structure, and similar

information treated or considered by a Party, whether by policy or practice, to be

confidential or proprietary.  CONFIDENTIAL information shall not be disclosed or used

for any purpose except the preparation and trial of this case.

4.      CONFIDENTIAL documents, materials, and/or information (collectively

"CONFIDENTIAL information") shall not, without the consent of the party producing it or

further Order of the Court, be disclosed except that such information may be disclosed

to:

   a.      attorneys actively working on this case;

   b.      persons regularly employed or associated with the attorneys actively

working on the case whose assistance is required by said attorneys in the preparation

for trial, at trial, or at other proceedings in this case;

   c.      expert witnesses and consultants retained in connection with this

proceeding, to the extent such disclosure is necessary for preparation, trial or other

proceedings in this case;

   d.      the Court and its employees ("Court Personnel");

   e.      stenographic reporters who are engaged in proceedings necessarily

incident to the conduct of this action;

      f.     deponents, witnesses and potential witnesses; and

      g.    other persons by written agreement of the parties.

5.      A subset of CONFIDENTIAL information may be designated CONFIDENTIAL - ATTORNEYS ONLY.  Any information so designated shall not, without the consent of the party producing it or further Order of the Court, be disclosed except that such information may be disclosed to:

      a.    attorneys actively working on this case;

      b.    persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case; however, this does not include contract employees, other persons hired on a temporary basis, or outside agencies, organizations, or institutions;

      c.    Court Personnel;

      d.    stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action; and

      e.    other persons by written agreement of the parties.

6.      Counsel who intend to use CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS ONLY information in court proceedings or in court filings, shall make a good faith effort to have the CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS ONLY information filed under ~~seal~~ Restricted Access or otherwise restricted from public access, pursuant to D.C.COLO.LCivR 7.2.

MJW
9-24-15

7.      Prior to disclosing any CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS ONLY information to any person listed above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions.  All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

8.      Documents are designated as CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS ONLY by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL." Documents are designated as CONFIDENTIAL - ATTORNEYS ONLY."

9.      Counsel for the party producing any information that will be designated CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS ONLY shall review the information and, prior to designating such information CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS ONLY, shall certify that the designation is based on a good faith belief that the information is in fact confidential or otherwise entitled to protection.

10.     Whenever a deposition involves the disclosure of CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS ONLY information, the deposition or portions thereof shall be designated as CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS ONLY and shall be subject to the provisions of this Protective Order.  Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS ONLY

4

after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

11.       A party may object to the designation of particular CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS ONLY information by giving written notice to the party designating the disputed information within thirty (30) days after the party designated information as CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS ONLY. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within thirty (30) days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS ONLY to make an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely made, the disputed information shall be treated as CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS ONLY under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to make such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS ONLY and shall not thereafter be treated as CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS ONLY in accordance with this Protective Order. In connection with a motion made under this provision, the party designating the information as CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS ONLY shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS ONLY.

12.      If a disclosing party discloses information that was not designated as CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS ONLY but later determines that the disclosed information should have been designated as CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS ONLY, the disclosing party shall promptly notify the other (or non-disclosing) party of the error and furnish properly designated copies of the disclosed information. Upon receipt of notice of the improperly-designated disclosure, the non-disclosing party shall threat all copies of the disclosed information as if they were originally designated as CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS ONLY.

13.      At the conclusion of this case (deemed to be within 60 days of either the entry of judgment which is not appealed or issuance of an appellate mandate or dismissal), unless other arrangements are agreed upon, each document and all copies thereof, including electronic copies, that have been designated as CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS ONLY shall be returned to the party that designated it CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS ONLY, or the parties may elect to destroy CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS ONLY documents, including all electronic copies. Where the parties agree to destroy CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS ONLY documents, the destroying party shall provide all parties with an affidavit confirming the destruction.

14.      By designating information as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS ONLY and producing such information pursuant to the terms of this Protective Order, no party waives any objections or statutory exemptions that may otherwise be asserted.

15.     This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

Dated this 24 TH day of September, 2015.

BY THE COURT:

Hon. Michael J. Watanabe
Magistrate Judge

7