IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 14-cv-01459-CMA-MJW

TERRANCE D. WILSON,

    Plaintiff,

v.

SHERWYN PHILLIP,
STEVEN FRANK, and
JAMES FOX,

    Defendants.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO DEPOSE DEFENDANTS FRANK AND FOX**

---

Currently before the Court is Plaintiff Terrance Wilson's Motion for Leave to Depose Defendants Steven Frank and James Fox (the "Motion"). (Doc. # 107.) For the reasons detailed below, the Court grants Plaintiff's Motion.

### I.     BACKGROUND AND PROCEDURAL HISTORY

The Court detailed the factual background of this case in its Order Granting Defendants' Motion for Summary Judgment (Doc. # 93), as did the Tenth Circuit Court of Appeals when it reviewed that Order in *Wilson v. Falk*, 877 F.3d 1204 (10th Cir. 2017). This Court's previous Order is incorporated by reference, and the factual background explained therein need not be repeated here. The Court recounts only the facts necessary to address Plaintiff's Motion.

This Court granted Defendants' Motion for Summary Judgment (Doc. # 80) and

thereby dismissed Plaintiff's sole claim, asserted under 42 U.S.C. § 1982 for Defendants' alleged violations of Plaintiff's Eighth Amendment rights, on June 29, 2016. (Doc. # 93.) With regard to Defendants Frank and Fox, the Court concluded that they were entitled to qualified immunity and summary judgment because Plaintiff had failed to identify evidence in the record sufficient to support a finding that Defendants Frank and Fox knew of, but ignored, an excessive risk to Plaintiff's safety:

> Regardless of whether Plaintiff did in fact have a conversation with Defendants Frank and Fox as Mr. Drake alleges, the Court finds that, even if the conversation took place as alleged, this fact alone is insufficient to overcome Defendants' summary judgment motion. Plaintiff's alleged vague and non-specific reference to "some guys . . . making threats towards his life" is insufficient to support a finding that Defendants Frank and Fox were aware of facts from which the inference could be drawn that a substantial risk of serious harm existed and that Defendants Frank and Fox did, in fact, draw that conclusion.

(*Id.* at 11.) The Court entered final judgment in favor of all Defendants. (Doc. # 94.) Plaintiff timely appealed the Court's Order and Final Judgment to the Tenth Circuit. (Doc. # 95.)

The Tenth Circuit affirmed in part and reversed and remanded in part the Court's Order. *Wilson*, 877 F.3d at 1213. Relevant here is the Tenth Circuit's holding as to Defendants Frank and Fox. *See id*. at 1210–12. The Tenth Circuit reviewed Plaintiff's allegations about his interactions with Defendants Frank and Fox and partly corroborating evidence. *Id*. It disagreed with this Court's statement that Plaintiff's "vague" allegations are "insufficient" to survive summary judgment. *Id.* at 1211. Rather, the Tenth Circuit held, "Viewing that evidence in the light most favorable to [Plaintiff], a reasonable jury could find that [Defendants Frank and Fox] were subjectively aware of a

substantial risk of serious harm to [Plaintiff]." *Id*. The Tenth Circuit thereby reversed this Court's grant of summary judgment in favor of Defendants Frank and Fox. *Id*. at 1213.

The Tenth Circuit remanded Defendants' Motion for Summary Judgment as to Defendants Frank and Fox for further consideration:

> On appeal, the Colorado Attorney General [Defendants' counsel] hints at an alternative basis for affirming, arguing that [Defendants Fox and Frank] took proactive steps to separate [Plaintiff] and [another inmate], and thus they were not deliberately indifferent to his plight. Perhaps it is possible [Defendants Fox and Frank] acted reasonably, but the district court reached no conclusion on that score, and we decline to affirm on an alternative ground neither passed on below nor cultivated on appeal. Instead, we express no opinion on this issue and leave it for the district court's consideration on remand.

*Id.* at 1211–12 (internal citations omitted).

In light of the Tenth Circuit's remand on this question, this Court ordered the parties to submit supplemental briefing on whether Defendants Frank and Fox acted reasonably by taking proactive steps to separate Plaintiff from the other inmate and were entitled to summary judgment on that ground. (Doc. # 103.) Defendants Frank and Fox filed their supplemental brief on February 14, 2018. (Doc. # 104.) Plaintiff submitted his response brief on March 1, 2018 (Doc. # 105), to which Defendants Frank and Fox replied on March 15, 2018 (Doc. # 106).

Plaintiff filed the instant Motion for Leave to Depose Defendants Frank and Fox on March 28, 2018. (Doc. # 107.) Plaintiff argues that Defendants Frank and Fox failed to provide any additional information on steps they may have taken to separate Plaintiff from the other inmate in their supplemental briefs. (*Id.* at 3.) Plaintiff contends that he

3

needs this information to defend against Defendants Frank and Fox's qualified immunity affirmative defense. (*Id.* at 4.) He therefore requests that the Court grant leave for his counsel to depose Defendants Frank and Fox as to the following questions:

1. What was the plight Fox and Frank were reacting to?
2. What was the action of Fox and Frank with respect to the plight?
3. Was [the other inmate] moved upstairs at the request or direction of Fox and/or Frank?
4. Why was he moved upstairs?
5. Why didn't Fox and Frank follow the CDOC protocol?

(*Id.* at 3–4.) Defendants Frank and Fox responded in opposition to Plaintiff's Motion on April 17, 2018, arguing that there are not adequate grounds to justify reopening discovery and that doing so would prejudice them. (Doc. # 108.) Plaintiff replied on April 30, 2018. (Doc. # 109.)

## II. LEGAL STANDARD

A court may modify its scheduling orders upon a showing of good cause. Fed. R. Civ. P. 16(b)(4). Whether to extend or reopen discovery is committed to the trial court's sound discretion. *Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987). When exercising that discretion, a court considers the following factors:

> 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.

*Id.* (citing, *e.g.*, *Howze v. Jones & Laughlin Steel Corp.*, 750 F.2d 1208, 1213 (3rd Cir. 1984)); *Llewellyn v. Ocwen Loan Servicing, LLC*, No. 08-cv-00179, 2013 WL 3199980, *3 (D. Colo. June 24, 2013). With regard to the fourth factor, the Tenth Circuit has

explained that "[d]emonstrating good cause [under Rule 16(b)(4)] 'requires the moving party to show that it has been diligent in attempting to meet the deadlines, which means it must provide an adequate explanation for any delay.'" *Llewellyn*, 2013 WL 3199980 at *3 (quoting *Strope v. Collins*, 315 F. App'x 57, 61 (10th Cir. 2009)).

### III. DISCUSSION

Applying the *Smith* factors, the Court concludes that reopening discovery and allowing the depositions of Defendants Frank and Fox on the limited questions Plaintiff identifies is appropriate.

As to the first factor, no trial date is set in this case. There is adequate time to complete two depositions on a short number of questions. The first factor weighs in favor of reopening discovery. *See id.* (where trial had not yet been set, finding that the first Smith factor weighed in favor of reopening discovery). Defendants Frank and Fox's "anticipat[ion] that a trial will be scheduled soon after the Court issues a ruling" on the supplemental briefs to the summary judgment briefings—even if true—does not amount to a conclusion that trial is imminent and fails to persuade the Court. *See* (Doc. # 108 at 2.)

With regard to the second factor, Defendants Frank and Fox oppose Plaintiff's Motion because they "do not believe that depositions of [them] will yield relevant evidence beyond what has previously been submitted in their affidavits." (*Id.*) The Court has reviewed their affidavits, in which Defendant Frank attested that "[t]o [his] knowledge, no documentation exists supporting [Plaintiff's] claim that he informed [him] or any LCF staff members that he had any custody issues . . . or was threatened by any

5

other inmate prior to his being stabbed," (Doc. # 80-8 at 3), and Defendant Fox testified that he had "no recollection of [Plaintiff] ever approaching [him] to inform him" of threats posed by any other inmate (Doc. # 80-7 at 2).  *See also* (Doc. # 104-2.)  Defendants Frank and Fox's affidavits are pithy.  It is reasonable to believe that they will be able to provide more information if deposed by Plaintiff's counsel.  The Court therefore does not afford much weight to Defendants Frank and Fox's stated opposition to Plaintiff's Motion.

At the third factor, Defendants Frank and Fox argue that "allowing additional discovery at this late stage in the proceedings" will prejudice them, "as it will cause additional delay to a case that was originally filed in May 2014, and involves an accident that occurred in July 2012."  (Doc. # 108 at 2.)  While the Court shares Defendants' interest in efficiently resolving cases, Defendants Frank and Fox have not adequately explained to the Court **why** further delay in this case would be prejudicial, especially considering that Defendants have previously sought and were granted an extension of time to files their Answer.  *See* (Doc. # 18.)  Additionally, the Court "has noted on multiple occasions that the ordinary burdens associated with litigating a case do not constitute undue burden" when considering prejudice to the non-movant under the *Smith* factors.  *Bagher v. Auto-Owners Ins. Co.*, No. 12-cv-00980, 2013 WL 5417127, *3 (D. Colo. Sept. 26, 2013) (citing *Lord v. Hall*, No. 10-cv-02696, 2011 WL 3861569, *2 n.2 (D. Colo. Sept. 1, 2011)).  Finally, the Court will control for any extreme delay by establishing deadlines for the depositions and further briefing.  Thus, Defendants' contention about prejudice is not persuasive, and the third factor does not weigh against

reopening discovery.

The fourth and fifth *Smith* factors also weigh in favor of reopening discovery for the requested limited purposes. The Court is satisfied that Plaintiff has adequately explained its delay in asking his questions of Defendants Frank and Fox: Defendants have long maintained that they were not aware of a substantial risk of serious harm to Plaintiff. (Doc. # 109 at 2); *see* (Doc. # 104 at 2 n.1). Prior to the Tenth Circuit's opinion, Plaintiff had no reason to ask detailed questions about Defendants' Frank and Fox's subjective knowledge; Defendants steadfastly denied awareness. For the same reason, there was little foreseeability during the discovery phase that Plaintiff would need additional discovery from Defendants Frank and Fox about their subjective knowledge and any responses to Plaintiff's information. Plaintiff's decision to not depose Defendants Frank and Fox during the discovery phase therefore should not be held against him. *See* (Doc. # 108 at 2.)

Finally, with regard to the sixth factor, the Court finds that reopening discovering and permitted Plaintiff to depose Defendants Frank and Fox may lead to relevant evidence that bears on the alternative ground for summary judgment in Defendants' favor—that Defendants Frank and Fox took proactive steps and were not deliberately indifferent to Plaintiff's plight. Further, Plaintiff's request is limited to the one topic the Tenth Circuit remanded to this Court. *See Llewellyn*, 2013 WL 3199980 at *4.

Because all six *Smith* factors weigh in favor of or are neutral about reopening discovery on the limited questions Plaintiff identifies, the Court concludes that granting Plaintiff's Motion is appropriate.

## IV. CONCLUSION

For the foregoing reasons, it is ORDERED that Plaintiff's Motion for Leave to Depose Defendants Steven Frank and James Fox (Doc. # 107) is GRANTED as follows. It is

FURTHER ORDERED that the Discovery Deadline is RESET to June 13, 2018. During that period, Plaintiff may depose Defendants Frank and Fox on the issued he identified in his Motion. It is

FURTHER ORDERED that any supplemental briefing on Defendants' Motion for Summary Judgment (Doc. # 80) as to Defendants Frank and Fox shall be filed on or before July 25, 2018.

DATED: May 16, 2018

BY THE COURT:

*Christine M Arguello*

_____
CHRISTINE M. ARGUELLO
United States District Judge