IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 14-cv-01459-CMA-NRN

TERRANCE D. WILSON,

    Plaintiff,

v.

SHERWYN PHILLIP,
STEVEN FRANK, and
JAMES FOX,

    Defendants.

---

**ORDER DENYING MOTION FOR SUMMARY JUDGMENT AS TO CERTAIN DEFENDANTS ON REMARD**

---

This matter is before the Court upon the Court of Appeals for the Tenth Circuit's Opinion (Doc. # 100) affirming in part and reversing in part this Court's Order Granting Defendants' Motion for Summary Judgment (Doc. # 93). Consistent with the Court of Appeal's Opinion and after reviewing the parties' extensive supplemental briefings, the Court now denies Defendants' Motion for Summary Judgment (Doc. # 80) as to Defendants Sherwyn Phillip, Steven Frank, and James Fox.

**I.**     **PROCEDURAL HISTORY**

The Court detailed the factual background of this case in its Order Granting Defendants' Motion for Summary Judgment (Doc. # 93), as did the Court of Appeals when it affirmed in part and reversed in part that Order in *Wilson v. Falk*, 877 F.3d 1204 (10th Cir. 2017), *see* (Doc. # 100). This Court's previous Order is incorporated by

reference, and the factual background explained therein need not be repeated here. The Court recounts only the facts necessary to address the Court of Appeal's instructions on remand. See Wilson, 877 F.3d at 1213.

Plaintiff Terrance D. Williams was incarcerated at the Limon Correctional Facility ("LCF"), a prison of the Colorado Department of Corrections ("CDOC") in Limon, Colorado, on July 2, 2012, when he was allegedly stabbed eleven times by a fellow prisoner. (Doc. # 38.) Plaintiff asserts a single claim for relief under 42 U.S.C. § 1983 against the remaining Defendants, all employees of CDOC at LCF: Defendant Sherwin Phillip, his case manager; Defendant Stephen Frank, a supervisor of the pod in which Plaintiff was housed; and Defendant James Fox, the Intake Lieutenant and supervisor of certain residential units, including the pod in which Plaintiff was housed.[1] (Id. at 6–7.) Plaintiff alleges that Defendants violated his Eighth Amendment rights "not to be subjected to serious harm" by disregarding the allegedly known danger that Plaintiff faced a "substantial risk of serious harm" from other inmates—members of a rival gang, the Surenos—and by "failing to take reasonable measures to abate it." (Id. at 6.)

Defendants moved for summary judgment on November 2, 2015, asserting that they are entitled to qualified immunity because Plaintiff cannot show that they violated

---

[1] Plaintiff initially asserted the same claim against three others: Frances Falk; Tom Norris; and Joshua Chase. (Doc. # 38 at 1.) Defendant Frances Falk was dismissed from the action in this Court's November 2, 2015 Order Granting Defendants' Motion for Summary Judgment (Doc. # 80 at 5–7), which the Tenth Circuit later affirmed, Wilson v. Falk, 877 F.3d 1204, 1210 (10th Cir. 2017). Defendant Tom Norris was dismissed from the action on April 21, 2015, when this Court affirmed and adopted United States Magistrate Judge Michael Watanabe's Recommendation that the Court grant Defendant Norris's Motion to Dismiss for Failure to State a Claim. (Doc. # 53.) Defendant Joshua Chase was dismissed from the action on March 4, 2015, when this Court affirmed and adopted Magistrate Judge Watanabe's recommendation that the Court dismiss Defendant Chase for lack of service. (Doc. # 47.)

2

his Eighth Amendment rights. (Doc. # 80 at 12.) Defendants also argued that summary judgment should be granted in their favor because Plaintiff cannot prove that any Defendant "personally participated" in the alleged constitutional violations, an "essential allegation in a [Section] 1983 claim." (*Id.* at 19–20) (citing, *e.g.*, Bennett v. Passic, 545 F.2d 1260, 1262–63 (10th Cir. 1976)). Plaintiff filed his Response in opposition to Defendants' Motion for Summary Judgment on November 23, 2015 (Doc. # 82), to which Defendants replied on December 7, 2015 (Doc. # 85).

This Court concluded that each Defendant is entitled to qualified immunity and therefore granted Defendants' Motion for Summary Judgment on June 29, 2016. (Doc. # 93.) After identifying the applicable legal principles, including what a plaintiff must allege where a defendant raises qualified immunity as a defense and under what circumstances a prison official may be found to have violated the Eighth Amendment, the Court analyzed Plaintiff's allegations as to each Defendant. (*Id.* at 3–11.) As to Defendant Phillip, the Court determined that he was entitled to qualified immunity because the evidence, viewed in the light most favorable to Plaintiff, does not demonstrate that Defendant Phillip violated Plaintiff's Eighth Amendment rights. (*Id.* at 9.) The Court stated that Plaintiff has not shown that Defendant Phillip was aware of facts "from which the inference could be drawn that a substantial risk of serious harm existed and that Defendant Phillip did, in fact, draw that conclusion." (*Id.*) The Court therefore granted summary judgment to Defendant Phillip. (*Id.*) As to Defendants Frank and Fox, the Court concluded that they too were entitled to qualified immunity:

> Regardless of whether Plaintiff did in fact have a conversation with Defendants Frank and Fox as [another inmate] alleges, the Court finds that, even if the conversation took place as alleged, this fact alone is insufficient to overcome Defendants' summary judgment motion. Plaintiff's alleged vague and non-specific reference to "some guys . . . making threats towards his life" is insufficient to support a finding that Defendants Frank and Fox were aware of facts from which the inference could be drawn that a substantial risk of serious harm existed and that Defendants Frank and Fox did, in fact, draw that conclusion. The Court finds that Defendants Frank and Fox are entitled to qualified immunity and summary judgment on Plaintiff's Eighth Amendment claim because Plaintiff has failed to identify evidence in the record sufficient to support a finding that Defendants Frank and Fox knew of, but ignored, an excessive risk to Plaintiff's safety.

(*Id.* at 11.) Accordingly, the Court granted Defendants' Motion for Summary Judgment. (*Id.*)

Upon Plaintiff's appeal, *see* (Doc. # 95), the Court of Appeals for the Tenth Circuit reversed this Court's granting of summary judgment as to Defendants Phillip, Frank, and Fox on December 17, 2017. *Wilson*, 877 F.3d at 1206. First, as to Defendant Phillip, the Court of Appeals summarized Plaintiff's testimony that he had met with Defendant Phillip, his case manager, at least twice to discuss threats from the Surenos and to request transfer to another facility, in addition to Plaintiff's testimony that he told Defendant Phillip of attacks by Surenos affiliates by submitting kites to him. *Id.* at 1212–13. The Court of Appeals held that viewing that evidence in the light most favorable to Plaintiff, "there exists a genuine dispute of material fact as to whether Mr. Phillip was subjectively aware of the risk to [Plaintiff's] health and safety and whether he recklessly disregarded that risk." *Id.* at 1213. The Court of Appeals also observed that "unlike Mr. Phillip's co-defendants," Defendants Falk, Frank, and Fox, "there is no evidence in the record through which [it] could conclude that Mr. Phillip did anything at

4

all reasonable to abate the risk of which he was informed." *Id.* Accordingly, the Court of Appeals held that summary judgment in favor Defendant Phillip was "improper" and reversed this Court's Order to the extent it held otherwise. *Id.*

Second, as to Defendants Frank and Fox, the Court of Appeals reviewed Plaintiff's allegations that he spoke with Defendants Frank and Fox and "told them the whole problem"—that "[t]he Surenos were after [him]"—and that Defendants Frank and Fox "cuffed and moved" an inmate affiliated with the Surenos, Christopher Green, upstairs from Plaintiff. *Id.* at 1211. The Court of Appeals reversed this Court's grant of summary judgment in favor of Defendants Frank and Fox on the grounds that "[v]iewing that evidence in the light most favorable to [Plaintiff], a reasonable jury could find that Mr. Fox and Mr. Frank were subjectively aware of a substantial risk of serious harm to [Plaintiff.]" *Id.* Relevant here, the Court of Appeals also observed:

> On appeal, the Colorado Attorney General hints at an alternative basis for affirming, arguing that **Mr. Fox and Mr. Frank took proactive steps** to separate Mr. Wilson and Mr. Green, and thus **they were not deliberately indifferent to his plight**. Perhaps it is possible Mr. Fox and Mr. Frank acted reasonably, but the district court reached no conclusion on that score, and we decline to affirm on an alternative ground neither passed on below nor cultivated on appeal. . . . Instead, we express no opinion on this issue and **leave it for the district court's consideration on remand**.

*Id.* at 1211–12 (emphasis added) (internal citation omitted).

In light of the Court of Appeals's opinion, this Court revisited the parties' summary judgment filings. *See* (Doc. ## 80, 82, 85.) Noting that Defendants only briefly discussed that Defendants Frank and Fox acted reasonably by proactively separating Plaintiff from Mr. Green, the Court requested supplemental briefing about steps Defendants Frank and Fox took to protect Plaintiff, if any. (Doc. # 103.) On

5

February 14, 2018, Defendants submitted their Supplemental Brief Regarding Defendants Frank and Fox. (Doc. # 104.) Plaintiff responded in support of the Court of Appeals's opinion that Defendants Frank and Fox are not entitled to qualified immunity on March 1, 2018, (Doc. # 105), to which Defendants replied on March 15, 2018 (Doc. # 106). Upon Plaintiff's request (Doc. # 107), the Court granted Plaintiff leave to depose Defendants Frank and Fox on five questions related to why they separated Plaintiff from Mr. Green. (Doc. # 115.) After deposing Defendants Frank and Fox, Plaintiff filed a Supplemental Memorandum in Opposition to the Renewed Motion for Summary Judgment on July 25, 2018 (Doc. # 118), to which Defendants responded on August 15, 2018 (Doc. # 121).

Consistent with the Court of Appeals's opinion, the Court now reconsiders Defendants' Motion for Summary Judgment. (Doc. # 80.)

## II.     APPLICABLE LEGAL PRINCIPLES

### A.     SUMMARY JUDGMENT

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it is essential to the proper disposition of the claim under the relevant substantive law. *Wright v. Abbott Labs., Inc.*, 259 F.3d 1226, 1231–32 (10th Cir. 2001). A dispute is "genuine" if the evidence is such that it might lead a reasonable jury to return a verdict for the nonmoving party. *Allen v. Muskogee, Okl.*, 119 F.3d 837, 839 (10th Cir. 1997). When reviewing a motion for summary judgment, a court must view the evidence in the light most favorable to the

non-moving party—in the matter presently before the Court, in the light most favorable to Plaintiff.  *See id.*  However, conclusory statements based merely on conjecture, speculation, or subjective belief do not constitute competent summary judgment evidence.  *Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004).

The moving party bears the initial burden of demonstrating the absence of a genuine dispute of material fact and entitlement to judgment as a matter of law.  *Id.*  In attempting to meet this standard, a movant who does not bear the ultimate burden of persuasion at trial does not need to disprove the other party's claim; rather, the movant need simply point out to the Court a lack of evidence for the other party on an essential element of that party's claim.  *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)).

Once the movant has met its initial burden, the burden then shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).  The nonmoving party may not simply rest upon its pleadings to satisfy its burden.  *Id.*  Rather, the nonmoving party must "set forth specific facts that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant."  *Adler*, 144 F.3d at 671.  Stated differently, the party must provide "significantly probative evidence" that would support a verdict in her favor.  *Jaramillo v. Adams Cty. Sch. Dist.* 14, 680 F.3d 1267, 1269 (10th Cir. 2012).  "To accomplish this, the facts must be identified by reference to affidavits, deposition transcripts, or specific exhibits incorporated therein."  *Id.*

7

B.  **QUALIFIED IMMUNITY**

The doctrine of qualified immunity "protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (internal quotation and citation omitted). To defeat a claim of qualified immunity, a plaintiff must show: "(1) that the defendant's conduct violated a constitutional or statutory right, and (2) that the law governing the conduct was clearly established at the time of the alleged violation." *Eaton v. Meneley*, 379 F.3d 949, 954 (10th Cir. 2004); *see also Pearson*, 555 U.S. at 232. The Court is not required to address these inquiries in any specific order, *Pearson*, 555 U.S. at 236–37, and if a plaintiff fails to carry either part of his or her two-part burden, the defendant is entitled to qualified immunity, *Medina v. Cram*, 252 F.3d 1124, 1128 (10th Cir. 2001).

C.  **EIGHTH AMENDMENT VIOLATIONS BY PRISON OFFICIALS**

In this case, Plaintiff alleges that Defendant violated his constitutional rights provided by the Eighth Amendment. (Doc. # 38 at 6–7.) The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. A violation of the Eighth Amendment occurs when a prison official is deliberately indifferent to a substantial risk of serious harm to an inmate. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). Although prison officials have a duty to protect inmates from violence at the hands of other inmates, not every injury resulting from violence between inmates results in constitutionally liability. *Id.* at 833–34. An inmate asserting an Eighth Amendment claim must demonstrate: (1) that the harm was "sufficiently serious" under

an objective standard; and (2) that the prison officials had "subjective knowledge of the risk of harm" but did nothing to prevent such harm. *Howard v. Waide*, 534 F.3d 1227, 1236 (10th Cir. 2008).

To satisfy the first requirement, a prison official's "act or omission must result in the denial of 'the minimal civilized measure of life's necessities.'" *Farmer*, 511 U.S. at 834 (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). Where a plaintiff asserts that a prison official failed to prevent harm, the plaintiff "must show that he is incarcerated under conditions posing a substantial risk of serious harm." *Id.* (citing *Helling v. McKinney*, 409 U.S. 25, 35 (1993)).

To satisfy the second requirement, the plaintiff must show that the prison official has a sufficiently culpable state of mind—"one of 'deliberate indifference' to inmate health and safety" in the context of a prison-conditions case like the one presently before the Court. *Id.* (quoting *Wilson v. Seiter*, 501 U.S. 294, 297 (1991)). In order for the plaintiff to show that the prison official was deliberately indifferent, the plaintiff must show that: (1) the prison official was subjectively aware of the risk, and (2) the prison official "recklessly disregarded" that risk. *Id.* at 828, 836; *see also Wilson*, 877 F.3d at 1209. Under this standard, prison officials "who actually knew of a substantial risk to inmate health or safety **may be found free from liability if they responded reasonably to the risk**, even if the harm ultimately was not averted." *Farmer*, 511 U.S. at 844 (emphasis added).

# III. DISCUSSION

## A. DEFENDANT PHILLIP

The Court of Appeals for the Tenth Circuit reversed this Court's conclusion that Defendant Phillip is entitled to qualified immunity. *Wilson*, 877 F.3d at 1213. "Because genuine issues of material fact exist as to whether Mr. Phillip was subjectively aware of and disregarded a substantial risk to [Plaintiff's] health and safety," the Court of Appeals wrote, "summary judgment [is] improper." *Id.* On remand, this Court accordingly denies Defendants' Motion for Summary Judgment as to Defendant Phillip.

## B. DEFENDANTS FRANK AND FOX

### 1. The Questions Before the Court

Defendants Frank and Fox move for summary judgment on the grounds that they are entitled to qualified immunity. (Doc. # 80 at 12; Doc. # 104 at 3.) Defendants do not argue the second requirement of the qualified immunity analysis; that is, they do not argue that Plaintiff cannot show that the law governing their alleged conduct was clearly established at the time of the alleged violation.[2] Rather, their argument concerns the first requirement of the qualified immunity analysis; they argue that Plaintiff cannot show that they violated his constitutional rights. (*Id.*)

Accordingly, the Court will begin by examining the first requirement for qualified immunity. The question for this Court, upon Defendants' Motion for Summary

---

[2] At oral argument before the Court of Appeals, "counsel for Defendants conceded that if [the Court of Appeals] were to find an Eighth Amendment violation on these facts, it would be a violation of clearly established law." *Wilson*, 877 F.3d at 1209 (citing *Howard v. Waide*, 534 F.3d 1227, 1242 (10th Cir. 2009)).

Judgment, is whether there is a genuine issue of material fact as to whether Defendants Frank's and Fox's conduct violated Plaintiff's Eighth Amendment rights.

As the Court previously explained, an inmate claiming violation of the Eighth Amendment must demonstrate two elements: (1) that the harm was sufficiently serious under an objective standard, and (2) that the prison officials were deliberately indifferent. *Farmer*, 511 U.S. at 834; *Howard*, 534 F.3d at 1236–40. With regard to the first element, Defendants have failed to carry their burden to demonstrate an absence of a genuine dispute of material fact regarding whether Plaintiff has sufficiently established that the harm was objectively and sufficiently serious. The Court of Appeals held that in "[v]iewing the evidence in the light most favorable to [Plaintiff], a reasonable jury could find . . . a substantial risk of serious harm to [Plaintiff]." *Wilson*, 877 F.3d at 1211.

This Court's analysis therefore turns on the second element of Plaintiff's Eighth Amendment claim, whether Defendants Frank and Fox were **deliberately indifferent**. Deliberate indifference, as the Court described above, requires that: (1) the prison officials were subjectively aware of the risk, and (2) the prison officials recklessly disregarded that risk. *Farmer*, 511 U.S. at 828, 836; *Wilson*, 877 F.3d at 1209. The Court of Appeals ruled that there is a genuine dispute of material fact regarding the first prong; "[v]iewing the evidence in the light most favorable to [Plaintiff], a reasonable jury could find that Mr. Fox and Mr. Frank were subjectively aware" of the risk of sufficiently serious harm to Plaintiff. *Wilson*, 877 F.3d at 1211.

Defendants' Motion for Summary Judgment therefore more precisely turns on the second prong of deliberate indifference, **whether Defendants Frank and Fox**

**recklessly disregarded the risk to Plaintiff**. On that count, the Court of Appeals tasked this Court with considering on remand Defendants' argument "that Mr. Fox and Mr. Frank took proactive steps to separate [Plaintiff] and Mr. Green," and that Defendants Frank and Fox therefore did not recklessly disregard any risk to Plaintiff. *Id.* at 1211–12.

      2.    <u>Defendants' Arguments Concerning Reckless Disregard</u>

Defendants conclude that they are entitled to summary judgment because they demonstrate the absence of a genuine dispute of material fact concerning whether they recklessly disregarded—and were therefore deliberately indifferent to—the threats to Plaintiff. (Doc. # 104 at 12.) Defendants rely on the holdings of the Supreme Court in *Farmer* and the Court of Appeals in *Howard* for the precept that:

> [B]ecause the Eighth Amendment requires only "reasonable safety," prison officials who "actually knew of a substantial risk to inmate health or safety may be found free from liability if they **responded reasonably to the risk**, even if the harm ultimately was not averted."

*Howard*, 534 F.3d at 1239 (emphasis added) (quoting *Farmer*, 511 U.S. at 844–45); *see* (Doc. # 104 at 4.) Defendants argue that, viewing the evidence in the light most favorable to Plaintiff, they responded reasonably to any information about a threat Plaintiff told them by: "1) immediately remov[ing] a threat – Christopher Green – from [Plaintiff's] living unit; 2) inform[ing] [Plaintiff] they would attempt to keep him in Living Unit 1; and 3) [telling] [Plaintiff] to speak with his case manager about any threats or issues." (Doc. # 104 at 7.) "[T]he totality of the evidence and actions of [Defendants] Frank and Fox as alleged by [Plaintiff] do not show they 'knowingly or recklessly declined to act,'" Defendants assert. (*Id.* at 10) (quoting *Howard*, 534 F.3d at 1239).

12

3. Genuine Issues of Material Fact as to the Constitutional Reasonableness of Defendants' Response

The Court disagrees with Defendants. Defendants Frank and Fox fail to demonstrate that there are no genuine disputes of material fact as to whether they responded reasonably to the alleged threats to Plaintiffs. Rather, Plaintiff's allegations raise genuine issues of material fact concerning whether Defendants Frank's and Fox's response was constitutionally reasonable.

In determining whether Defendants Frank's and Fox's response was constitutionally reasonable, the Court is guided by the Court of Appeals for the Tenth Circuit's statement that "[a]n official responds to a known risk in an objectively unreasonable manner if he knew of ways to reduce the harm but knowingly or recklessly declined to act." *Howard*, 534 F.3d at 1239–40 (quoting *Rodriguez v. Sec'y for Dep't of Corr.*, 508 F.3d 611, 620 (11th Cir. 2007)). The Court of Appeals instructs the Court to "consider what actions [the prison officials] took, if any, as well as **available alternatives that might have been known to them**." *Id.* at 1240 (emphasis added) (citing *Tafoya v. Salazar*, 516 F.3d 912, 918 (10th Cir. 2008) ("A prison official may be liable for a substantial risk of serious harm to inmates in spite of efforts reasonably calculated to reduce the risk, if he intentionally refuses other reasonable alternatives and the dangerous conditions persist.")).

In this case, when viewing the evidence in the light most favorable to Plaintiff, Defendants Frank and Fox knew of a way to reduce the risk of harm to Plaintiff—by following CDOC's protocol for addressing threats to an inmate by other inmates—but knowingly declined to act. Defendant Frank himself explained in his deposition how this

13

protocol would have been carried out in regard to Plaintiff:

> [CDOC protocol] . . . would include interviewing [Plaintiff] and completing a written custody report. [Plaintiff] would have been placed in segregation for his safety and the Shift Commander would have completed a removal from population form. Then, an investigation would ensue to verify the validity of [Plaintiff's] custody issue. All of the above would have been documented.

(Doc. # 80-7 at 2.) Defendant Fox also acknowledged this protocol in his deposition: "the normal procedure would be to have the inmate placed in segregation for their safety pending an investigation into the validity of the custody issue." (Doc. # 80-8 at 3.) Defendants Frank's and Fox's deposition testimony demonstrates that they were aware of a way to reduce the risk of injury to Plaintiff: by following CDOC's protocol, initiating an investigation into Plaintiff's alleged custody issue, and placing Plaintiff in segregation to protect him. Plaintiff alleges that Defendants Frank and Fox did not follow this protocol, (Doc. # 105 at 3, 6–7; Doc. # 118 at 4–5), an allegation Defendants Frank and Fox do not dispute.

Viewing the evidence in the light most favorable to Plaintiff, the evidence suggests that Defendants Frank and Fox had a significant reasonable response available to them—following CDOC's protocol—but did not pursue that course of action. Accordingly, Defendants Frank and Fox have not established the absence of genuine issues of material fact as to whether their response was sufficiently reasonable under the Eighth Amendment. A reasonable jury could find that Defendants Frank and Fox recklessly disregarded, and were as a result deliberately indifferent to, the threats facing Plaintiff because they failed to respond reasonably and to implement to CDOC's protocol. Defendants Frank and Fox are therefore not entitled to summary judgment on

14

Plaintiff's Eighth Amendment claim.

## IV. <u>CONCLUSION</u>

For the foregoing reasons, the Court DENIES Defendants' Motion for Summary Judgment (Doc. # 80) as to Defendants Sherwyn Phillip, Steven Frank, and James Fox. Plaintiff's claim against these Defendants survives.

DATED: November 26, 2018

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge