IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 14-cv-01459-CMA-NRN

TERRANCE D. WILSON,

     Plaintiff,

v.

SHERWIN PHILLIPS,
STEPHEN FRANK, and
JAMES FOX,

     Defendants.

---

**ORDER GRANTING DEFENDANTS' MOTION FOR LEAVE TO FILE MOTION FOR
SUMMARY JUDGMENT ON THE ISSUE OF EXHAUSTION**

---

Currently before the Court is Defendants Sherwin Phillips, Stephen Frank,[1] and

James Fox's Motion for Leave to File Motion for Summary Judgment on the Issue of

Exhaustion or for a Pre-Trial Hearing on this Issue (the "Motion for Leave"). (Doc.

# 134.)  For the reasons detailed below, the Court grants Defendants' Motion for Leave.

## I.     PROCEDURAL HISTORY

This Court's November 26, 2018 Order provides a thorough recitation of the

factual and procedural background of this case.  *See* (Doc. # 122.)  That Order is

---

[1] Both parties have inconsistenly spelled Defendant Frank's first name as "Stephen" or "Steven"
and Defendant Phillips's first name as "Sherwin" or "Sherwyn" over the course of this litigation.
The Court does not know the correct spelling of Defendant Frank's first name or Defendant
Phillips's first name.  It uses "Stephen" and "Sherwin" because those are the spellings used in
the controlling Complaint (Doc. # 38) and in the caption on the docket.  If either or both of those
spellings are incorrect, the parties are directed to file a joint motion to amend the caption.

incorporated herein by reference, and the facts will be repeated only to the extent necessary to address the instant Motion for Leave.

Plaintiff Terrance Wilson's claims are subject to the provisions of the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. 1997e. PLRA prohibits a prisoner from bringing an action "with respect to prison conditions under [S]ection 1983 of this title, or any other Federal law" until "administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a).

Defendants asserted the affirmative defense of exhaustion in their Answers to Plaintiff's Complaints. *See* (Doc. # 24 at 7; Doc. # 42 at 7.)

Defendants moved for summary judgment on November 2, 2015, on the grounds that they were entitled to qualified immunity, that Plaintiff could not prove his Eighth Amendment claims, and that Plaintiff could not prove that Defendants personally participated in the alleged constitutional violations. (Doc. # 80.) Defendants did not address the issue of exhaustion in their 2015 Motion for Summary Judgment. *See* (*id.*) After a remand from the Court of Appeals for the Tenth Circuit (Doc. # 100), and discovery by and supplemental briefing from both parties, *see, e.g.*, (Doc. ## 104, 105, 118), the Court ultimately denied Defendants' 2015 Motion for Summary Judgment (Doc. # 122). The Court did not address the issue of exhaustion because the parties did not raise it in their briefing.

United States Magistrate Judge N. Reid Neureiter entered the Final Pretrial Order for this case on March 12, 2019. (Doc. # 136.) The Final Pretrial Order states that, relevant here, Defendants assert an affirmative defense that "Plaintiff's claims are

barred in whole or in part by [PLRA], including, but not limited to, the exhaustion requirements of [PLRA]." (*Id.* at 4.)

Defendants filed the Motion for Leave presently before the Court on March 8, 2019. (Doc. # 134.) They seek leave from the Court to file "an additional motion for summary judgment solely regarding the issue of exhaustion," and request that, alternatively, the Court set a hearing on the matter prior to trial. (*Id.* at 4.) Defendants concede that they are making "an exceptional request" because the Court's Civil Practice Standards only allow each party to file a single motion for summary judgment, but assert that they make this request "for the purpose of conserving significant judicial resources and for the purpose[] of addressing in advance an underlying issue which is fundamental to the viability of this case." (*Id.* at 4–5.) As to why they did not raise their affirmative defense of exhaustion in their 2015 Motion for Summary Judgment, Defendants explain that their counsel, Ms. Karen Lorenz, only entered an appearance on February 28, 2019, and her review of the file in preparation for trial demonstrated "that [Plaintiff] failed to comply with the [Colorado Department of Corrections'] grievance process and therefore failed to exhaust his administrative remedies under . . . PRLA prior to filing this suit." (*Id.* at 3.)

Plaintiff responded in opposition to Defendants' Motion for Leave on March 29, 2019. (Doc. # 138.) Plaintiff argues that Defendants "waived the affirmative defense of failure to exhaust by failing to list it as an issue in the Pretrial Order filed on December 17, 2015 (Doc. # 90)." (Doc. # 138 at 1.) Plaintiff also asserts that if the Court "allow[s] the claim to be resurrected at this point," Plaintiff will "need discovery to be reopened."

(*Id.* at 2.)  Defendants filed a Reply in support of their Motion to Leave on April 4, 2019. (Doc. # 139.)

A five-day jury trial on this matter is scheduled to begin on June 24, 2019.  *See* (Doc. # 137.)

## II.    ANALYSIS

Defendants' affirmative defense of exhaustion will, if successful, bar Plaintiff's suit.  In the interest of conserving significant judicial resources, the Court grants Defendants' Motion and accepts their Motion for Summary Judgment on the Issue of Exhaustion (Doc. # 134-2) as filed so that it can address the issue prior to trial.

Neither of Plaintiff's arguments persuade the Court that it would be inappropriate for the Court to grant Defendants' Motion for Leave and to assess whether Plaintiff exhausted administrative remedies before filing this suit.  First, the Court easily rejects Plaintiff's contention regarding waiver of this affirmative defense in the 2015 Pretrial Order (Doc. # 90).  *See* (Doc. # 138 at 3.)  The 2015 Pretrial Order is no longer the operative pretrial order in this matter; it has been superseded by the Final Pretrial Order entered on March 12, 2019 (Doc. # 136).  And in the controlling Final Pretrial Order, Defendants assert the affirmative defense of exhaustion.  (Doc. # 136 at 4.)  Defendants have not waived this affirmative defense.

Second, the Court does not believe that additional discovery is needed for Plaintiff to respond to Defendants' Motion for Summary Judgment on the Issue of Exhaustion.  *See* (Doc. # 138 at 2–3.)  As Defendants explain in their Reply (Doc. # 139 at 4–5), exhaustion is a threshold issue that does not trigger the need for extensive

discovery and the administrative record has already been provided to Plaintiff.

### III.    CONCLUSION

For the aforementioned reasons, the Court GRANTS Defendants' Motion for Leave to File Motion for Summary Judgment on the Issue of Exhaustion (Doc. # 134).  It is

FURTHER ORDERED that Defendants' Motion for Summary Judgment on the Issue of Exhaustion (Doc. # 134-2) and accompanying exhibits (Doc. ## 134-3 and 134-4) are **accepted for filing and shall be docketed by the Clerk's Office as separate documents**.  It is

FURTHER ORDERED that Plaintiff shall have fourteen (14) days from the date of this Order to respond to Defendants' Motion for Summary Judgment on the Issue of Exhaustion.  Defendants shall have seven (7) days from the date of Plaintiff's Response, if any, to reply in support of their motion.

DATED: April 22, 2019

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge