UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-14159-CMA-NRM

TERANCE D. WILSON,

Plaintiff,

vs.
`
SHERWYN PHILLIP,
STEVEN FRANK, and
JAMES FOX,

Defendants.

---

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON THE ISSUE OF EXHAUSTION**

---

Now comes the Plaintiff, Terance D. Wilson by and through his attorney, Brice A. Tondre, and for his memorandum in opposition to Defendant's motion for summary judgment on the issue of exhaustion [Doc. #134-2] states:

**INTRODUCTION**

Defendants allege that Plaintiff failed to exhaust his administrative remedies before filing this action and therefore it must be dismissed pursuant to the Prison Litigation Reform Act [42 U.S.C. §1997e(a)].

Defendants' allegation of material facts are incomplete. Plaintiff alleges that when the omitted material facts are added there is no basis for dismissal.

.PLAINTIFF'S STATEMENT OF MATERIAL FACTS

1. On July 2, 2012, Plaintiff was viscously attacked by an inmate at Limon Correctional Facility who stabbed him numerous times.

` 2. Plaintiff was initially taken to the local hospital.

3.On July 3, 2012 he was admitted to the University of Colorado Hospi tal ("UCH")where he was treated for numerous injuries (see Exhibit 4).

4. On July 12, 2012 he was discharged from UCH and transported to the hospital at D.R.D.C.

5. Between July 12, 2012 and August 27, 2012 Plaintiff remained under the care of the D.R.D.C. Hospital. During that period D.R.D.C. Hospital transported Plaintiff to U.C.H. 2 or 3 times for emergency care.

6. On August 27, 2012 Plaintiff was discharged from D.R.D.C. hospital. and transported to Fremont Correctional Facility.

7. During his stay in U.C.H. and D.R.D.C. hospital. Plaintiff did not have access to a case manager.

8. On September 4, 2012, Plaintiff authored a step 1 grievance in which he complained about abuse of him at D.R.D.C. hospital. (Exhibit 1)

9. On September 10, 2012, Plaintiff authored a step 1 grievance in which he complained about the failure to protect him from the Surrenos. (Exhibit 2)

10. Both Exhibit 1 and Exhibit 2 were submitted less than 30 days after Plaintiff was transported to FCF. DeCesaro did not disclose that Exhibit 1was received and that CDOC did not

respond to it.

11. Exhibit 2 was not responded to until 11/19/12 which was _____days late.

12. During the period of Plaintiff's hospitalization he was consumed by a fear of death and a steady schedule of procedures designed to save his life. A review of his hospital records (Exhibit 4) reflects:

(a) Plaintiff was in the surgical ICU from July 3 through 12:

(b) Plaintiff's final diagnosis was:

(i)Thoracic Aorta injury which had to be surgically repaired;

(ii)Unspecified septicemia;

(iii)Acute kidney failure;

(iv)Traumaticpnuenothoric with open wound into Thorax;

(v)Pnuemonia organism unspecified;

(vi)Sepsis;

(vii)Hypo;

(viii)7/9/12 remained intobated;

(ix)PICC line incerted;

(x)Poor pain control:

(xi)Dr. Raeburn, Traumatic aortic injury repair7/412;

(xii)7/5/12 Acute pulmonary insufficien cy;acute hypoxicinsuffiency overnight likely secondary to pain and thoracotomy ;plan to place epidural catheter for pain.

(xiii)7/7/12 Altered mental status;

(xiv)7/8/12 delirious and combativei

(xv)7/9/12 Altered mental status, severe agitations, delirium, critically ill;

(xvi) 7/10/12 cleared to return to prison;

(xvii); 7/10/12 Altered mental status;

(xviii); 7/11/12 Altered mental status, acute renal failure,sepsis;

(xviv); 7/12/12 impaired physical mobility;

13. Waiting for D.R.D.C. Hospital records to show how Plaintiff was tr eated there. Plaintiff's 9/4/12 grievance of that date (Exhibit 1) indicates he was mistreated and abused.. This ended when Plaintiff was transferred to Fremont Correctional Facility on August 27, 2012.

Plaintiff's stabbing and hospitalizations were under the security and protection of Limon correctional officers. The trauma of the stabbing when they were supposed to be protecting him and the trauma of knowing that members of that group were assigned to protect him in the hospitals and the taunting described in Exhibit 1constituted extraordinary circumstances that justified equitable tolling of the deadline for the filing of a grievance.

As evidence of a dangerous attitude, Lt. Johnson who was at Plaintiff's side shortly after he was stabbed, told Plaintiff he should have let him die.

Plaintiff was not of the frame of mind during his hospitalization to attack the correctional officers with grievances. Likewise, his injuries and fears of death placed him in the frame of mind to seek to live.

*Havens v. Johnson et al*, 2013 WL 2112637 (D. Colo. 09-cv-1380, 11-cv-00490 MSK-MEH)

/s/ Brice A. Tondre

Brice A. Tondre
P. O. Box 2196
Evergreen, Colorado 80437-2196
Telephone: 303-296-3300
briceatondrepc@msn.com

ATTORNEY FOR PLAINTIFF

**CERTIFICATEO F SERVICE**

I hereby certify that on this the 24th day of May, 2019, a true and correct copy of the foregoing document was electronically filed with the Clerk of Court using the CM/ECM system which will serve a copy of the filing on the following:

Karen Lorenz
karen.lorenz@coag.gov

/s/ Brice A. Tondre

BRICE A. TONDRE